STATE, Respondent, v. VAN BEEK, Appellant.*

*April 14—May 10, 1966.*

* Motion for rehearing denied, without costs, on July 1, 1966.

For the appellant there was a brief by *Cohen, Parins, Cohen & Grant* of Green Bay, and oral argument by *Steven I. Cohen.*

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *William A. Platz,* assistant attorney general.

GORDON, J. Mr. Van Beek urges that the state's evidence was insufficient to prove his guilt beyond a reasonable doubt, and he seeks review of his conviction on that basis. The state resists the review in this court for the reason that Mr. Van Beek failed to bring a motion in the trial court either to have a new trial or to set aside the verdict because of the alleged insufficiency of the evidence.

Although the attorney who was appointed by this court to represent Mr. Van Beek on this appeal is not the same attorney who appeared for him at the trial, it is clear that the defendant was represented by counsel throughout the entire proceedings.

The failure to present a motion for a new trial deprived the trial court of the opportunity to examine the very question which is now presented upon appeal. At least four times during the past six years this court has asserted that such an omission barred an appellant from the right to have the evidence evaluated in this court. *Sparkman v. State* (1965), 27 Wis. (2d) 92, 95, 133 N. W. (2d) 776; *Dascenzo v. State* (1965), 26 Wis. (2d)

225, 236, 132 N. W. (2d) 231; *State v. Tuttle* (1963), 21 Wis. (2d) 147, 124 N. W. (2d) 9; *State v. Dunn* (1960), 10 Wis. (2d) 447, 103 N. W. (2d) 36.

Heretofore this court has merely admonished the appellant concerning his precarious error and then, nevertheless, proceeded to examine the sufficiency of the evidence. An example of our prior approach is contained in *Dascenzo v. State* (1965), 26 Wis. (2d) 225, 236, 132 N. W. (2d) 231, where the court said:

"Consideration now will be directed to challenges to the sufficiency of the evidence in the absence of a motion to set aside the verdict and grant a new trial. In this case it cannot be done, but if it could there is sufficient evidence to support the jury's verdict."

While this court undoubtedly has the power upon an appeal to examine the sufficiency of the evidence even in the absence of a proper preliminary motion, we find no factors in the case at bar which prompt us to relieve this appellant from the quicksand in which he is trapped.

The court considers that the trial bar has had ample opportunity to familiarize itself with this procedural prerequisite. As the soothsayer strived in vain to caution Caesar to beware the Ides of March, so have we attempted to alert the bar to this peril; it is now our intention to enforce this rule except under compelling circumstances, which are in no manner present in the case at bar.

*By the Court.*—Judgment affirmed.