STATE, Respondent, v. THOMPSON, Appellant.

*May 13—June 7, 1966.*

The cause was submitted for the appellant on the brief of *Frank D. Woodworth* of Beaver Dam, and for the respondent on the brief of *Bronson C. La Follette*, attorney general, *William A. Platz* and *Betty R. Brown*, assistant attorneys general, and *John P. Kaiser*, district attorney of Dodge county.

GORDON, J.   The appellant claims that the state failed to establish beyond a reasonable doubt that he was in custody at the time of his escape. The appellant points out that the statute speaks in terms of an escape from "custody." Sec. 946.42 (3) (a), Stats.

Mr. Thompson was transferred from the Wisconsin state reformatory at Green Bay to the correctional institution at Fox Lake, and it is his contention on this appeal that the state failed to prove that there had been compliance with the procedures and transmittals necessary for his transfer under secs. 46.11 (1), 53.18 (4) and 959.052, Stats. Thus, the appellant contends that the state failed to prove beyond a reasonable doubt that he was in the "custody" of the Fox Lake correctional institution prior to his alleged escape.

In effect, this appeal is a challenge to the sufficiency of the evidence supporting the conviction. Mr. Thompson was represented by legal counsel at the trial and upon this appeal. The appellant made no motion in the trial court for a new trial, nor did he move to have the verdict set aside on the grounds of insufficient evidence. Accordingly, Mr. Thompson does not have the right to have the evidence reviewed upon appeal. *State v. Van Beek,* ante, p. 51, 141 N. W. (2d) 873; *Sparkman v. State* (1965), 27 Wis. (2d) 92, 95, 133 N. W. (2d) 776; *Dascenzo v. State* (1965), 26 Wis. (2d) 225, 236, 132 N. W. (2d) 231.

As in the *Van Beek Case,* we perceive no circumstances in the instant case which would warrant our relieving Mr. Thompson of the responsibility to have made a proper motion to the trial court. It follows that the judgment of conviction must be affirmed for the reasons discussed in *State v. Van Beek, supra.*

*By the Court.*—Judgment affirmed.