STATE, Respondent, v. ESCOBEDO, Appellant.

*No. State 4. Argued September 5, 1969.—Decided September 30, 1969.*
(Also reported in 170 N. W. 2d 709.)

86

88

For the appellant there was a brief by *Robert T. McGraw,* and oral argument by *Patrick F. Brown,* both of Waukesha.

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *Roger P. Murphy,* district attorney of Waukesha county.

HEFFERNAN, J. We decline to review the defendant's claim that the evidence was insufficient to support the jury's verdict. A perusal of the record reveals no motion in the trial court for either a new trial or a motion to set aside the verdict on the alleged insufficiency of the evidence.

We stated in *State v. Van Beek* (1966), 31 Wis. 2d 51, 141 N. W. 2d 873, that we would decline to review a conviction on this basis unless the trial court was given the opportunity to examine the very questions brought on appeal. We decided in *Van Beek* that only in the face of "compelling circumstances" would this court review the sufficiency of the evidence if the appropriate motions were omitted.

This rule has been strictly adhered to in criminal jury cases subsequent to *Van Beek: State v. Thompson* (1966), 31 Wis. 2d 365, 142 N. W. 2d 779; *Okimosh v. State* (1967), 34 Wis. 2d 120, 148 N. W. 2d 652; *Gray v. State* (1968), 40 Wis. 2d 379, 161 N. W. 2d 892.

We see no compelling reasons why we should in the instant case exercise our discretion to make a review of the evidence, and decline to do so.

Following the submission of the jury's verdict, the following interchange of motions and rulings ensued:

*"The Court:* Anything further, Mr. Murphy?

*"Mr. Murphy:* The State moves for judgment on the verdict.

*"Mr. Brown:* I move for judgment notwithstanding the verdict.

*"The Court:* The Court will grant the motion of the District Attorney. Accordingly, the motion of the defense must be denied. The Court will find there is ample evidence in this record to support the finding of the jury."

A motion for judgment notwithstanding the verdict does not raise the question of sufficiency of the evidence, and even in the present case, where the judge volunteered his opinion as to the sufficiency (correctly we conclude), there was no particularization in the trial court of the reasons why the defendant deemed the evidence insufficient. The motion used denied the trial court the opportunity to test any specific objections that the defendant might have raised to the sufficiency of the evidence.

A motion *non obstante veredicto,* as interposed by the defendant, is an inappropriate motion on which to bottom an appeal based on insufficiency of the evidence.

We have grave doubts of its use at all in a criminal proceeding. Certainly, it is not an accepted or traditional post-verdict motion in a criminal case. If we give to the motion herein the same scope afforded it in a civil trial, where it is unquestionably appropriate, it is apparent that it does not form the basis, even in a civil trial, for a review of the sufficiency of the evidence. A motion notwithstanding the verdict amounts to a post-verdict motion for a directed verdict. It raises only questions

of law and admits all facts supporting the jury's verdict. It is, in a sense, a demurrer to the evidence. It admits the facts found but contends that as a matter of law those facts are insufficient, though admitted, to constitute a cause of action.

If a motion for judgment *non obstante veredicto* is granted, the court must accept as true the fact findings of the jury but decides the case on grounds other than those relied upon by the jury. *Wisconsin Telephone Co. v. Russell* (1943), 242 Wis. 247, 251, 7 N. W. 2d 825; *Shumway v. Milwaukee Athletic Club* (1945), 247 Wis. 393, 395, 20 N. W. 2d 123. We believe that 46 Am. Jur. 2d, *Judgments,* p. 400, sec. 127, correctly states the effect of the motion as viewed by this court: "The application may not be granted on the ground that the verdict is against the weight of the evidence."

In a 1908 case, *Maxon v. Gates* (1908), 136 Wis. 270, 280, 116 N. W. 758, in referring to the motion in a civil case, this court stated:

"It does not challenge the sufficiency of the evidence to support the findings, and cannot, therefore, be treated as a motion to set aside the verdict upon that ground. There was no motion to set aside the verdict, and consequently this court cannot review the evidence upon the subject."

Even giving the motion the same meaning it is accorded in a civil case, it fails to raise the question of sufficiency of the evidence and is not the equivalent of a motion for a new trial. *Wisconsin Telephone Co. v. Russell* (1943), 242 Wis. 247, 7 N. W. 2d 825. The general effect and purpose of a motion *non obstante veredicto,* as stated in 49 C. J. S., *Judgments,* p. 147, sec. 59, is:

"The purpose of the motion is to avoid a new trial and to secure a final judgment in favor of the movant. The motion is wholly separate and distinct from a motion for a new trial. . . ."

This is not legalistic hairsplitting. The rationale of our approach was set forth in *Van Beek, supra,* and in *Finger v. State* (1968), 40 Wis. 2d 103, 161 N. W. 2d 272. In those cases we stressed the importance of correcting the errors of either the judge or the jury at the trial level. We emphasized that a motion for a new trial enables a trial court to correct trial errors without subjecting the parties to an expensive and lengthy review proceedings. This is a court of appeals, whose purpose, with few exceptions, is to correct alleged error committed in the trial court. Except in compelling circumstances, we will not address ourselves to alleged trial error if the trial court has not specifically passed upon the point at issue. Although the state has not relied upon *Van Beek* to deny a review of the evidence, we conclude that we will in our discretion decline the review sought by the defendant. It is in the interest of the orderly administration of justice to review, except under unusual circumstances, only matters specifically considered and decided by the trial court.

The motion used by the defendant herein for judgment notwithstanding the verdict clearly is an acceptance of the verdict but a motion for judgment on other grounds. As we have stated in the *Van Beek* series, *supra,* the appropriate motion to reach the sufficiency of the evidence is a motion either *to set aside* the verdict on the grounds of the insufficiency of evidence or for a new trial. The procedure to be employed in moving for a new trial in a criminal case is set forth in sec. 958.06, Stats.:

"958.06 **New trial; sentence; service of affidavits; writ of error.** (1) Within one year after the trial and on motion of the defendant the court may grant a new trial for any cause for which a new trial may be granted in civil cases, but on such terms and conditions as the court directs. The motion shall be signed by the defendant or his attorney and shall set forth grounds upon which the defendant relies for a new trial. The motion shall be filed with the clerk of the court at least 20 days before the argument of the motion, but the court may, by order, fix a shorter time. If the trial judge is disabled or

no longer in office, his successor or another judge may hear and determine the motion.

"(2) If the defendant desires to use affidavits upon his motion, copies of the same shall be served on the district attorney at least 20 days before the argument of the motion or such shorter time as the court designates. If a new trial is denied, the supreme court shall issue a writ of error on the application of the defendant, and may review the order refusing a new trial and may render such judgment as it deems proper."

In the use of either motion, we deem it fatal to a defendant's right of review to fail to particularize the grounds or the rationale upon which he bases his contention that the evidence was insufficient. The trial judge must be given the opportunity to review the particular grounds upon which the movant relies.

Certain other errors not directed to the sufficiency of the evidence are also raised on this appeal. Defendant contends these errors denied him a fair trial. One such contention arises out of the unfortunate language of a police officer who was testifying that he knew the defendant as the result of a previous meeting. He stated that his contact with Escobedo took place in the identification room of the Waukesha county sheriff's department, where he went "to mug and print him and run an ID check on him." Upon the defendant's objection and motion for a mistrial, which were denied, the trial judge offered a curative instruction that advised the jury that "mugging" and "printing" were words meaning "photographing" and "fingerprinting," that they were frequently carried on in connection with civil service tests and other noncrime-associated activities, and that no inference against the accused was permissible as the result of the officer's testimony. In *Bridges v. State* (1945), 247 Wis. 350, 373, 19 N. W. 2d 529, 19 N. W. 2d 862, we rejected a similar objection to testimony. We stated therein, ". . . there is no occasion to conclude that the proof of photographing and fingerprinting was prejudicial to defendant."

Though the use of jailhouse vernacular created an atmosphere improper in a court of law, we conclude that the court's admonition and explanation obviated the possibility of prejudice to the defendant.

Defendant also on appeal claims that the court erroneously excluded testimony of defendant and his wife that he was at home on the night of the offense, on the grounds that no notice of alibi had been given.

We conclude that the defendant's position is without legal support. It was undisputed that no notice of alibi, as required by sec. 955.07, Stats., was ever given. We have held that alibi testimony—that the defendant was elsewhere at the time of the offense—will not be admitted when offered by the defendant or any witness on his behalf unless a notice of alibi has been given in accordance with the statutory procedure. *State ex rel. Simos v. Burke* (1968), 41 Wis. 2d 129, 163 N. W. 2d 177. It is clear that the testimony offered was "alibi." It was properly inadmissible.

We also deem the argument to be most inappropriately raised on this appeal, when the defendant at trial went to great lengths to assure the court that the disputed testimony was offered not as an alibi for the time of the crime but merely to show that it was the defendant's custom to stay at home during the evening. In a conference in chambers, defense counsel pleaded for the admission of the evidence:

"*Mr. Brown:* This certainly is not an alibi. The purpose of the testimony is not so much to show this particular individual, who is her husband, was with her the particular night of the offense. My intent was to show the practice which was followed by Mr. and Mrs. Escobedo as to Mr. Escobedo's normal habits with regard to leaving work, coming home, what would normally take place, where they would normally spend their time; not so much with regard to this particular day. My understanding of the circumstances is such that the witness did not know exactly as to this particular evening."

In accordance with the defendant's request, the testimony was admitted for that limited purpose. The trial court leaned over backwards to accommodate the defendant in permitting the introduction of evidence that would tend to establish the likelihood of the defendant being "elsewhere" than at the scene of the crime.

If error there was, it was in favor of the defendant. It is clear that the court properly admonished the jury not to consider the evidence as alibi. If the defendant now contends the evidence, though alibi, should have been admitted, he is obliged to show "good cause" why he should be exonerated from the alibi statute's strictures. He has not attempted to do so. No error of which the defendant can complain was committed.

The defendant's brief states that the trial judge denied the defendant's motion to set aside the verdict in the interest of justice. The record before us fails to reveal that such motion was ever made, and we conclude that counsel is mistaken. In any event, a motion for a reversal in the interest of justice may in the discretion of this court be considered for the first time on appeal. Sec. 251.09, Stats. Such discretion will be exercised only if there is an apparent miscarriage of justice, and if it appears to the court that a retrial under optimum circumstances will produce a different result. *Commodore v. State* (1967), 33 Wis. 2d 373, 147 N. W. 2d 283; *Lock v. State* (1966), 31 Wis. 2d 110, 142 N. W. 2d 183. Applying this test, we decline to set aside the verdict.

We affirm herein for the reasons set forth above. The rule that we herein adopt and make applicable to this case, requiring, as a prerequisite to review of a claim of insufficient evidence, a motion either for a new trial or to set aside a verdict based on a statement of the particular grounds upon which the contention of insufficient evidence is made, is applicable only to cases in which trial began after the date of this decision.

*By the Court.*—Judgment affirmed.