DAVIS, Plaintiff in error, v. STATE, Defendant in error.

*No. State 20. Argued November 6, 1970.—Decided December 1, 1970.*
(Also reported in 181 N. W. 2d 346.)

For the plaintiff in error there was a brief and oral argument by *Jack J. Gimbel* of Milwaukee.

For the defendant in error the cause was argued by *Lee Edward Wells,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

HANLEY, J. Two issues are presented on this appeal:

(1) Is review of the sufficiency of the evidence proper where there is no post-trial motion to set aside the verdict on the grounds of insufficiency of the evidence or for a new trial; and

(2) Was the evidence sufficient to support a finding of guilty beyond a reasonable doubt?

Defendant contends that the state's evidence was insufficient to prove his guilt beyond a reasonable doubt; and he seeks review of his conviction on that basis.

The state objects to the review in this court for the reason that defendant failed to bring a motion in the trial court either to set aside the verdict because of the insufficiency of the evidence or to have a new trial.

We have held that failure to make such a motion at the trial court level bars the defendant from raising the question of sufficient credible evidence produced at the trial in support of the verdict unless compelling circumstances exist which permit the question to be raised.[3] There are no compelling circumstances in this case that warrant an exception to the above rule. No error of constitutional dimension is asserted and none appears in the record. There is no indication that justice has miscarried in any other respect.

We are satisfied that if the challenges to the sufficiency of the evidence were to be considered, there is sufficient credible evidence which supports the jury verdict finding the defendant guilty beyond a reasonable doubt.

*By the Court.*—Judgment affirmed.

---

[3] *State v. Escobedo* (1969), 44 Wis. 2d 85, 89, 170 N. W. 2d 709; *Okimosh v. State* (1967), 34 Wis. 2d 120, 148 N. W. 2d 652; *State v. Thompson* (1966), 31 Wis. 2d 365, 142 N. W. 2d 779; *State v. Van Beek* (1966), 31 Wis. 2d 51, 141 N. W. 2d 873.