**Marvin A. EAGLESTON, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 71–1108.**

United States Court of Appeals, Tenth Circuit.

Sept. 30, 1971.

Sandra Nemser (Michael L. Bender, Denver, Colo., on the brief), for petitioner-appellant.

Hubert H. Bryant, Asst. U. S. Atty. (Nathan G. Graham, U. S. Atty., and Robert P. Santee, Asst. U. S. Atty., on the brief), for respondent-appellee.

Before BREITENSTEIN, McWILLIAMS and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The district court, without an evidentiary hearing, denied appellant Eagleston's motion for relief under 28 U.S.C. § 2255 from sentences imposed after jury trial for violations of 18 U.S.C. §§ 2312 and 2314. On direct appeal we affirmed. See United States v. Eagleston, 10 Cir., 417 F.2d 11.

The appeal questions the validity of a search and seizure. Evidence at the criminal trial disclosed that an officer of the Tulsa Police Department went to Eagleston's apartment to serve a misdemeanor warrant charging Eagleston with violation of the Tulsa ordinance requiring registration by felons. The officer made the arrest and incident thereto seized a large quantity of women's apparel which was in plain sight. At the criminal trial there was a full, fair, and adequate hearing of all facts pertaining to the seizure and the trial court

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

denied a motion to suppress. We affirmed and in so doing noted that the constitutionality of the Tulsa ordinance was not attacked in the trial court. Accordingly, we did not consider it. See 417 F.2d at 16. We will not reexamine the issues heretofore decided. Our consideration is limited to the legal question of the validity of the Tulsa ordinance.

■ Under Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227, a claim of unconstitutional search and seizure is cognizable in a § 2255 proceeding. Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503, holds that a search incident to an arrest based on an illegally issued warrant cannot be sustained.

■ Eagleston says that the unconstitutionality of the ordinance is decided by Lambert v. California, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228. We do not agree. In that case Lambert was convicted of violating a Los Angeles ordinance requiring registration by felons. The Court did not hold the ordinance unconstitutional but said, 355 U.S. at 229–230, 78 S.Ct. at 243–244, that:

> "Where a person did not know of the duty to register and where there was no proof of the probability of such knowledge, he may not be convicted consistently with due process."

Our case is different. We are concerned with the validity of the warrant —not with a conviction for failure to register. Although we do not deem it pertinent, neither at the criminal trial nor in the § 2255 proceedings did Eagleston claim lack of knowledge of the ordinance.

Lambert recognizes that: "Registration laws are common and their range is wide." 355 U.S. at 229, 78 S.Ct. at 243. In New York ex rel. Bryant v. Zimmerman, 278 U.S. 63, 49 S.Ct. 61, 73 L.Ed. 184, the Court upheld a New York law requiring the registration of associations having an oath-bound membership of more than 20. The Federal Regula-

tion of Lobbying Act was held constitutional in United States v. Harriss, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989. The federal act for registration of aliens was approved in Hines v. Davidowitz, 312 U.S. 52, 61 S.Ct. 399, 85 L.Ed. 581. The border crossing registration provisions of the Narcotics Control Act of 1956 were held constitutional in Reyes v. United States, 9 Cir., 258 F.2d 774. A Nevada law for registration of convicted persons was sustained as constitutional in Atteberry v. State, 84 Nev. 213, 438 P.2d 789, and a comparable municipal ordinance was upheld in State v. Ulesky, 100 N.J.Super. 287, 241 A.2d 671. See also annotation in 82 A.L.R.2d 398.

Aside from Lambert, which we deem inapposite, the claim of unconstitutionality rests on Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57; Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 and like cases. They are not persuasive. In each the act of registration was in itself incriminating. None condemn registration which is not incriminating. Registration by felons is not self-incriminating. The disclosure is of a condition resulting from past actions and, if made, no jeopardy attaches.

The Tulsa ordinance does not appear in the record. The only knowledge which we have of its provisions is the statement of each of the parties that it requires registration by felons living within the city. Constitutionality is presumed. Cf. McDonald v. Board of Election Commissioners of Chicago, 394 U.S. 802, 808–809, 89 S.Ct. 1404, 22 L.Ed.2d 739; Flemming v. Nestor, 363 U.S. 603, 617, 80 S.Ct. 1367, 4 L.Ed.2d 1435, and Magnolia Petroleum Company v. Carter Oil Company, 10 Cir., 218 F.2d 1, 6.

An evidentiary hearing is not required unless there is an issue of fact. The record before us presents only a question of law, the constitutionality of the Tulsa ordinance. The burden of establishing unconstitutionality has not been met.

Affirmed.