Daniel ESCOBEDO, Plaintiff,

v.

UNITED STATES of America, Defendant.

Nos. 71 C 1647, 72 C 781.

United States District Court, N. D. Illinois, E. D.

Nov. 21, 1972.

plaintiff Escobedo's convictions in indictment numbers 67 CR 555 and 564, which were consolidated for trial, and in indictment number 67 CR 562. For the reasons stated below, this court dismisses plaintiff's petitions without a hearing.

Plaintiff assigns nine reasons why his convictions should be overturned:

(1) The trial judge ruled that the government was not required to produce recorded conversations between Escobedo and a government agent.

(2) Tape-recorded telephone conversations were improperly admitted contrary to Illinois law.

(3) The trial judge refused to consolidate for trial the heroin indictments with the marihuana indictment.

(4) Plaintiff was improperly impeached on the basis of his prior convictions.

(5) Improper joinder of the offense of unlawfully transferring a narcotic without an order form with the offense of receiving, concealing, and facilitating the transportation and concealment of marihuana.

(6) Plaintiff was denied the effective assistance of counsel.

(7) Plaintiff was improperly denied access to fingerprint reports.

(8) The trial judge improperly conducted the voir dire to determine if any jurors had been prejudiced by publicity.

(9) Denial of the right to confront witnesses in that the trial judge sustained an objection to the disclosure of the home address of a government agent.

Ronald P. Alwin, Chicago, Ill., for plaintiff.

James R. Thompson, U. S. Atty., by J. K. Toohey, Asst. U. S. Atty., Chicago, Ill., for defendant.

MEMORANDUM OPINION and JUDGMENT ORDER

AUSTIN, District Judge.

These two petitions under 28 U.S.C. § 2255 (1970) attack the validity of

Of these nine alleged errors, the first four were squarely presented on appeal and rejected by the Seventh Circuit in United States v. Escobedo, 430 F.2d 14 (7th Cir. 1970), cert. denied, 402 U.S. 951, 91 S.Ct. 1632, 29 L.Ed.2d 122 (1971) and in United States v. Escobedo, 430 F.2d 603 (7th Cir. 1970), cert. denied, 402 U.S. 951, 91 S.Ct. 1632, 29 L.Ed.2d 122 (1971). No useful purpose would be served in relitigating these four issues because there are no inter-

vening decisions which would retroactively set aside plaintiff's convictions nor has plaintiff demonstrated "that the ends of justice would be served by permitting" such a relitigation. Sanders v. United States, 373 U.S. 1, 16, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963); DeMaro v. Willingham, 401 F.2d 105, 106 (7th Cir. 1968); Annot., 10 A.L.R.Fed. 724 (1972).

■ Plaintiff asserts that the joinder of two distinct offenses in a single indictment was prejudicial in that he was thereby whipsawed between his right not to testify on one count and to testify on his own behalf in another. Count I of the challenged indictment charged Escobedo with the unlawful transfer of a narcotic. Count II charged him with possession of marihuana, which carried with it the now unconstitutional statutory presumption that a defendant knows that the marihuana is imported and that possession is sufficient to convict unless explained to the satisfaction of the jury. By joining these counts in the same indictment, Escobedo asserts that he was caught in the dilemma of having to choose between asserting his right to remain silent in Count I or taking the stand on his own behalf to explain the possession charged in Count II.

This objection is not well taken and has already been implicitly overruled by the Seventh Circuit, which rejected plaintiff's assertion that "if the basis for Count II was held unconstitutional, then the conviction under Count I must also be reversed because of the prejudicial effect of Count II." 430 F.2d at 18. The Seventh Circuit stated that plaintiff "was adequately protected by the instructions and that prejudicial error did not occur as a result of the presence of Count II." 430 F.2d at 18. Similarly, plaintiff's most recent objections to the joinder of these offenses in a single indictment should also be overruled.

■ Plaintiff next alleges that he was denied effective assistance of counsel in the trial of 67 CR 562 because

sometime prior to that trial the government served his attorney with a petition for disciplinary action for conduct arising out of Escobedo's trial on a prior indictment. Escobedo states that his attorney "was not acting at his best." (Paragraph 10, Plaintiff's Exhibit A, 72 C 781.) However, even if this appraisal of counsel's performance is accurate, the allegations of the petition nevertheless fall short of constituting a violation of the sixth amendment. As stated by the Seventh Circuit, "The constitutional guarantee of the assistance of competent, effective counsel does not require perfection. That guarantee is satisfied when the conduct of counsel is such that the essential integrity of the proceedings as a trial is preserved . . and the trial has not made a travesty of justice." United States v. Dilella, 354 F.2d 584 (7th Cir. 1965). Moreover, a review of the record reveals that defense counsel's conduct was hardly anything less than vigorous and forceful and that Escobedo's present objections are meritless.

■ With respect to plaintiff's objection that he was improperly denied access to fingerprint reports, there is no evidence that the United States Attorney in 67 CR 562, 555, and 564 ever had the result of any fingerprint reports conducted by the FBI or by any other agency. Assuming arguendo that the United States Attorney had such evidence in his possession, suppression of it would violate due process only if it was material to guilt or punishment. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). But even if this evidence was material and error resulted in its suppression, that error will be insufficient to overturn the conviction if the evidence is comparatively insignificant in view of the independent evidence of plaintiff's guilt. Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Here the independent evidence against Escobedo was overwhelming. Moreover, the absence

of his latent fingerprints on the paper bags which he delivered to a federal narcotics agent would be comparatively insignificant in view of the fact that persons frequently fail to leave latent fingerprints. Crown, The Development of Latent Fingerprints with Ninhydrin, 60 J.Crim.L.C. & P.S. 258, 264 (1969). Therefore, plaintiff's conviction cannot be overturned because of the alleged suppression of fingerprint evidence.

■ The eighth reason plaintiff assigns in support of his § 2255 petition is that the trial judge improperly conducted the voir dire to determine if any of the jurors had been prejudiced by publicity. Judge Napoli asked only whether any jurors had read or seen any pretrial publicity with regard to the defendant and, if so, whether they would be unable to render a fair and impartial verdict based upon the evidence presented in open court. This procedure did not comport with the individual questioning required by Margoles v. United States, 407 F.2d 727, 735 (7th Cir. 1969). However, *Margoles* was decided subsequent to Escobedo's trials and is clearly not retroactive. United States v. Solomon, 422 F.2d 1110, 1116 (7th Cir. 1970), cert. denied sub nom. Sommer v. United States, 399 U.S. 911, 90 S.Ct. 2201, 26 L.Ed.2d 565 (1970). Therefore, since Judge Napoli's conduct of the voir dire was not erroneous at the time of trial, it cannot now be asserted as a ground for § 2255 relief.

■ Finally, plaintiff contends that he was denied his sixth amendment right to confrontation because the court sustained an objection to a question asked by co-defendant's counsel which sought the home address of a federal narcotics agent. This was not error since the trial court had the duty to weigh the prejudicial effect of this limitation on the defendant against the necessity for protecting the witness. Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968) (White, J. concur-

ring); United States v. Saletko, 452 F. 2d 193 (7th Cir. 1971), cert. denied, 405 U.S. 1040, 92 S.Ct. 1311, 31 L.Ed.2d 581 (1972); United States v. Caldarazzo, 444 F.2d 1046 (7th Cir. 1971).

For all these above reasons, this court dismisses plaintiff Escobedo's § 2255 petition without a hearing.