Paul **DUHART**, Petitioner-Appellant,

v.

**UNITED STATES of America,**
Respondent-Appellee.

No. 72–1505.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 1, 1973.

Decided April 18, 1973.

Cary Rodman Cooper (court apptd.), Hayward, Cooper, Straub, Walinski, Cramer & Co., Toledo, Ohio, for petitioner-appellant.

Erie D. Chapman III, Asst. U. S. Atty., Toledo, Ohio, for respondent-appellee; Frederick M. Coleman, U. S. Atty., on brief.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PER CURIAM.

In July 1965, a jury verdict was returned against appellant finding him guilty of bank robbery and assault in violation of 18 U.S.C. § 2113(d). A motion for new trial was denied and appellant was sentenced to 25 years imprisonment. There was no appeal. In January 1969, appellant filed a petition for a writ of habeas corpus which was treated as a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The motion was denied by the District Court in March 1972 without an evidentiary hearing. This appeal followed. Appellant has specified a number of grounds in his appeal and we view two of those as having substance.

In denying appellant's petition, the District Court held that a question as to the legality of an arrest could not properly be a subject of a motion to vacate sentence. Appellant argues that he was illegally arrested and, as a result, the subsequent search and seizure of evidence in his car was illegal. He claims he is entitled to a hearing by virtue of Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969).

*Kaufman* established that search and seizure issues could be properly raised on § 2255 motions. Some courts, e. g., Hayes v. United States, 419 F.2d 1363 (10th Cir. 1969), cert. denied, 398 U.S.

941, 90 S.Ct. 1856, 26 L.Ed.2d 276 (1970), are reported to have limited *Kaufman* to search and seizure situations. Our reading of those cases indicates that they merely affirm the principle that an arrest alone, without more, is not ground for a collateral attack in a proceeding to vacate sentence. *But cf.*, Eagleston v. United States, 448 F.2d 1389, 1390 (10th Cir. 1971).

■■ Of course, it is settled that to justify a search incident to arrest, the arrest must be valid. See, Henry v. United States, 361 U.S. 98, 102, 80 S. Ct. 168, 14 L.Ed.2d 134 (1959); see, also, Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958), where it was held that a search incident to an arrest which was based on an illegally issued warrant may not be sustained. Since search and seizure issues can now be properly raised on motions to vacate, it follows that where such motions allege an illegal search and seizure based on and incident to an illegal arrest, consideration of the illegal arrest is within the ambit of *Kaufman.* Such a conclusion is implicit in the *Kaufman* decision and is not an extension thereof. Thus we conclude that the District Court erred in not considering the allegation.

Appellant also claims that he was deprived of the effective right to appeal. It appears that appellant's retained trial attorney had timely moved for a new trial but upon the denial of the motion, the attorney ceased his efforts on appellant's behalf. Appellant alleges that his counsel deceived him into thinking that an appeal was being taken and that he did not find otherwise until one year after his trial. The appellant was sent to prison within ten days after sentencing and there is some correspondence in the record which indicates he thought an appeal was being prosecuted. The District Judge did not advise appellant of his right to appeal at the time of sentencing, or at any other time.[1] In dismissing the petition, the District Court relied on dicta in Desmond v. United States, 333 F.2d 378 (1st Cir. 1964). There the petitioner argued his attorney deceived him regarding his right to appeal. The Court of Appeals remanded the case for an evidentiary hearing on the matter. The Court then intimated that a less than prompt motion might preclude a hearing.

Here, the District Court observed that the three year delay from the time appellant was aware that his attorney would not prosecute an appeal for him precluded him from raising it on the motion to vacate. That conclusion is in apparent conflict with our decision in Davis v. United States, 464 F.2d 1009 (6th Cir. 1972). There, this Court reversed the District Court's findings of fact, after an evidentiary hearing upon a § 2255 motion, and found that appellant had not been advised of his right to appeal by his attorney or the court following his 1959 conviction. The Court held that this was a denial of the effective assistance of counsel and ordered resentencing. See, also, Powers v. United States, 446 F.2d 22 (5th Cir. 1971).

■ The standard for determining the necessity of holding an evidentiary hearing on motions to vacate is found at 28 U.S.C. § 2255. The statute requires a hearing ". . . unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Here, we can not reach that conclusion regarding either issue discussed above. We intimate no view as to the merits but merely hold that the record before us does not conclusively show that the appellant is entitled to no relief.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

---

1. Rule 37(a)(2), F.R.Crim.P., was in effect in 1965 and required a court to advise a defendant of his right to appeal after imposition of sentence if defendant was *not* represented by counsel. This rule was amended in 1966. See, Rule 32(a)(2), F.R.Crim.P.