BEAMON, Plaintiff in error, v. STATE, Defendant in error.

Supreme Court

*No. 77-364-CR. Submitted on briefs December 5, 1979.—Decided January 8, 1980.*
(Also reported in 286 N.W.2d 592.)

For the defendant in error the cause was submitted on the briefs of *Howard B. Eisenberg,* state public defender, and *Ronald L. Brandt,* deputy state public defender.

For the plaintiff in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Betty R. Brown,* assistant attorney general.

WILLIAM G. CALLOW, J.   This case is before the court on writs of error to review a judgment of conviction entered on October 22, 1976, and an order entered on September 16, 1977, denying the motion of plaintiff in error Nola Lee Beamon (defendant) for postconviction relief pursuant to sec. 974.06, Stats. 1975.

Defendant was charged and convicted of the crime of armed robbery.   The information alleged that on April 8, 1976, defendant robbed, while armed with a bottle of nitroglycerine, the Gimbels store located in downtown Milwaukee of $5,100.

At trial Lori Spredeman (Spredeman) testified that on April 8, 1976, she was employed at Gimbels and worked in the cashier's office.   Shortly after 8 p.m.,

a woman approached her window and slipped her a note. Spredeman testified that the note said "in effect that I should give her the money in my drawer and that she had a bottle of nitroglycerine and would blow up the store and I was to wait ten to fifteen minutes after she left." The woman placed the bottle on the counter. As Spredeman read the note, Mary Pye (Pye), a co-employee, came to her window and also read it. Pye responded by taking the money out of her and Spredeman's drawers and putting it into a green canvas bag. Spredeman identified the defendant as the robber. She also had identified the defendant as the robber after viewing sets of photographs on April 14, 1976.

Spredeman described the bottle as a brown medicine bottle, approximately six or eight inches tall. She testified that she "couldn't tell" whether the bottle had any contents and that the robber took the bottle when she left the store. Police searched for the note and the bottle, but they were never found.

After the close of testimony defense counsel moved to dismiss the charge of armed robbery, arguing that there had been no proof that a "dangerous weapon," as defined by sec. 939.22(10), Stats. 1975, had been used during the robbery.[1] The trial court denied the motion. The jury returned a verdict of guilty.

---

[1] Section 939.22(10) and sec. 943.32(1)(b) and (2), Stats. 1975, provide:

"939.22 **Words and phrases defined.** In the criminal code, the following words and phrases have the designated meanings unless the context of a specific section manifestly requires a different construction: . . . .

"(10) "Dangerous weapon" means any firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or great bodily harm, or any other device or instrumentality which, in the manner it is used or intended to be used, is calculated or likely to produce death or great bodily harm.

"943.32 **Robbery.** (1) Whoever, with intent to steal, takes property from the person or presence of the owner by either of the following means is guilty of a Class C felony:

". . .

A motion for a new trial was made, grounded solely on a claim that a new trial should be granted because of newly discovered evidence, and was denied following a hearing. No appeal was taken or writ of error issued to review the order denying the motion for a new trial.

A motion for postconviction relief pursuant to sec. 974.06, Stats. 1975, was denied by the trial court. Defendant has obtained writs of error to review the order denying the postconviction motion and the judgment of conviction.

Two issues are presented:

(1) If this court, in the exercise of its discretion, reviews the sufficiency of the evidence, is the evidence sufficient to sustain the judgment of conviction?

(2) Did the trial court err in denying defendant's motion for postconviction relief brought on the ground that the state failed to produce any evidence demonstrating that she was armed with a dangerous weapon during the course of the robbery?

This court has frequently stated that a claimed error, if one which the trial court could have corrected by granting a new trial, will not be reviewed as of right by this court unless a motion for a new trial grounded on the alleged error was made to the trial court. *Thiesen v. State,* 86 Wis.2d 562, 564, 273 N.W.2d 314 (1979); *State v. Escobedo,* 44 Wis.2d 85, 93, 170 N.W.2d 709 (1969). This rule has been applied to claims of insufficient evidence. *Davis v. State,* 49 Wis.2d 180, 184, 181 N.W.2d 346 (1970); *State v. Schneidewind,* 47 Wis.2d 110, 119–20, 176 N.W.2d 303 (1970); *State v. Escobedo, supra* at

"(b) By threatening the imminent use of force against the person of the owner or of another who is present with intent thereby to compel the owner to acquiesce in the taking or carrying away of the property.

"(2) Whoever violates sub. (1) while armed with a dangerous weapon is guilty of a Class B felony."

89. However, this court may exercise its discretion when faced with " 'compelling circumstances,' " *State v. Escobedo, supra* at 89, *State v. Van Beek,* 31 Wis.2d 51, 53, 141 N.W.2d 873 (1966), "where the error goes directly to the issue of guilt." *Peterson v. State,* 54 Wis.2d 370, 374, 195 N.W.2d 837 (1972) ; *Maclin v. State,* 92 Wis.2d 323, 330, 284 N.W.2d 661 (1979). We elect to consider the defendant's claim because her claim, if meritorious, impugns the trier of fact's determination of guilt.

Defendant contends the conviction for armed robbery should be overturned because the state failed to produce any evidence demonstrating that she was armed with a dangerous weapon during the course of the robbery. Defendant's specific claim is that there is no proof that the bottle produced by the robber contained nitroglycerine. She does not appear to contest the state's assertion that a bottle containing nitroglycerine, which its possessor asserts would be used to blow up a store, is a dangerous weapon as defined by sec. 939.22(10), Stats. Defendant admits that her representation to Spredeman that she had a bottle of nitroglycerine which would blow up the store is evidence establishing a threat of force. She argues, however, that it is not evidence of the fact that she was armed with a dangerous weapon. We disagree.

The robber's written representation to the victim is an admission by the defendant that the bottle, in truth and in fact, contains nitroglycerine. Sec. 908.01(4)(b)1, Stats. The victim's testimony constituted testimonial or direct evidence of the fact that the defendant committed the robbery while armed with a dangerous weapon. 1 Wigmore, *Evidence,* sec. 25, 398–99 (3d ed. 1940). Its nature is not affected by the fact that the assertion by defendant was not made on the witness stand.

As stated by Wigmore:

"*Any Assertion, whether made in court or not, may be Testimonial Evidence.* The use of the phrase 'testimonial' evidence must not be understood as applicable exclusively to assertions made on the witness-stand. *Any* assertion, taken as the basis of an inference to the existence of the matter asserted, *is testimony,* whether made in court or not (*ante,* sec. 25)." [Emphasis in original.] 2 Wigmore, *Evidence,* sec. 479, 520 (3d ed. 1940).

Taken in the light most favorable to the state, this evidence is sufficient to have led a rational trier of fact to find that the defendant committed the robbery while armed with a dangerous weapon. The trial court's judgment of conviction must be affirmed.

The defendant has raised the same issue, that of sufficiency, in her sec. 974.06, Stats. 1975, motion for post-conviction relief. It generally has been held that questions or issues previously considered on direct review of a federal prisoner's conviction cannot be reconsidered on a motion brought under 28 U.S.C. sec. 2255. *Robson v. United States,* 526 F.2d 1145, 1147 (1st Cir. 1975); *United States v. Natelli,* 553 F.2d 5, 7 (2d Cir. 1977) *cert. denied* 434 U.S. 819 (1977); *Henkel v. United States,* 367 F. Supp. 1144, 1145 (W.D. Pa. 1973) *affd. without opinion* 503 F.2d 1398 (3d Cir. 1974) *cert. denied* 420 U.S. 978 (1975); *Neeley v. United States,* 405 F. Supp. 1186, 1189 (W.D. Va. 1975) *aff'd. without opinion* 532 F.2d 751 (4th Cir. 1976); *Vernell v. United States,* 559 F.2d 963, 964 (5th Cir. 1977) *rehearing denied* 564 F.2d 416 (5th Cir. 1977); *Stephan v. United States,* 496 F.2d 527, 528–29 (6th Cir. 1974) *cert denied* 423 U.S. 861 (1975); *Escobedo v. United States,* 350 F. Supp. 894, 895–96 (N.D. Ill., E.D. 1972) *affd. without opinion* 489 F.2d 758 (7th Cir. 1973); *Scott v. United States,* 545 F.2d 1116, 1117 (8th Cir. 1976) *cert. denied* 429 U.S. 111 (1977); *Paige v. United States,* 456 F.2d 1278, 1279 (9th Cir. 1972); *Eagleston v. United States,* 448 F.2d 1389, 1389–90 (10th Cir. 1971).

Because sec. 974.06, Stats. 1975, was taken directly from 28 U.S.C. sec. 2255, we see no reason why our practice should differ. Without considering whether defendant's claim is cognizable on a sec. 974.06 motion, we note only that the claim raised is identical to that which we have just considered. Because, on direct review, we found sufficient evidence to sustain the judgment of conviction, we affirm the order of the trial court denying the postconviction motion.

*By the Court.*—Judgment and order affirmed.

SHIRLEY S. ABRAHAMSON, J. (*dissenting*). Wisconsin, unlike other states, does not have a statute providing that the penalty for robbery committed by pretence of being armed is the same as for a robbery committed while armed. We said in *Dickenson v. State,* 75 Wis.2d 47, 50, 248 N.W.2d 447 (1977), that "[t]here is much to recommend such a statute . . . . However, this is a question which must be addressed to the legislature. We are not entitled to rewrite the statute so as to conform to our view of what an appropriate penalty should be."

The facts adduced at trial in the case at bar do not support a conviction for armed robbery. The majority opinion is inconsistent with prior cases in which we held that the defendant's threat that he was armed was not sufficient to uphold a conviction for armed robbery if there was no evidence that the object was in fact a dangerous weapon. *See Davis v. State,* 93 Wis.2d 319, 286 N.W.2d 570 (1980).