PER CURIAM.
¶ 1 David A. Allen appeals the trial court's judgment convicting him, after a jury trial, of child abuse by recklessly causing great bodily harm, first-degree reckless homicide, and child neglect resulting in great bodily harm. See WIS. STAT. §§ 948.03(3)(a), 940.02(1), 948.21(1)(c) (2011-12).[1] Because he was able to find multiple experts to support his defense, Allen argues he is entitled to judgment notwithstanding the verdict (JNOV) or, alternatively, a new trial in the interest of justice. We disagree and affirm.
I. BACKGROUND
¶ 2 In October 2012, the State charged Allen with two counts of child abuse by intentionally causing great bodily harm and one count of child neglect resulting in great bodily harm. According to the complaint, Allen confessed to squeezing the three-month-old victim so tightly that it sounded like "glass bottles breaking." The complaint also relayed that Allen admitted to shaking and dropping the victim headfirst onto a cement basement floor. Allen initially did not tell anyone about these incidents and did not immediately seek medical attention for the victim. At the time the complaint was filed, the victim was described as being in critical condition with minimal brain activity. The victim was not breathing on his own.
¶ 3 The victim ultimately died, and the State amended the complaint to charge Allen with one count of child abuse by intentionally causing great bodily harm, one count of first-degree reckless homicide, and one count of child neglect resulting in great bodily harm. The case proceeded to a jury trial.
¶ 4 At trial, the State's experts testified to the infant victim's extensive injuries: brain bleeding along with a brain injury ; retinal bleeding; a neck injury; twelve fractured ribs; wrist fractures; and a bruise under his right eye. The State's experts testified to a reasonable degree of medical certainty that the victim's injuries were caused by child abuse.
¶ 5 Generally speaking, Allen's experts testified that the victim died from complications related to a medical condition known as venous thrombosis,[2] not abusive head trauma. Allen also presented expert testimony that the method in which he was interrogated increased the risk that he provided a false confession.
¶ 6 Following a two-week trial, the jury convicted Allen of child abuse by recklessly causing great bodily harm, first-degree reckless homicide, and child neglect resulting in great bodily harm.[3] After the verdicts were read, the defense made a motion for JNOV. The State moved for judgments of conviction based on the verdicts. The trial court took both motions under advisement.
¶ 7 At Allen's sentencing hearing, the trial court, after detailing the testimony that was presented by the defense, denied the pending motion for JNOV. The trial court imposed a global bifurcated sentence of twenty years of initial confinement and five years of extended supervision.
¶ 8 This appeal follows.
II. DISCUSSION
A. Judgment Notwithstanding the Guilty Verdicts
¶ 9 Both parties agree that whether a party is entitled to JNOV is a question of law that we independently review. See Danner v. Auto-Owners Ins. , 2001 WI 90, ¶ 41, 245 Wis. 2d 49, 629 N.W.2d 159. In conducting this review, we take the following into account:
A motion for JNOV does not challenge the sufficiency of the evidence to support the verdict. Rather, [a] motion for [JNOV] admits for purposes of the motion that the findings of the verdict are true, but asserts that judgment should be granted the moving party on grounds other than those decided by the jury. Accordingly, a court should enter JNOV where the facts found by the jury are not sufficient as a matter of law to constitute a cause of action.
See Management Comput. Servs. v. Hawkins, Ash, Baptie & Co. , 206 Wis. 2d 158, 176-77, 557 N.W.2d 67 (1996) (first set of brackets in Management Comput. Servs. ; citations and footnote omitted).
¶ 10 Even accepting for purposes of this appeal that a motion for JNOV applies to this criminal proceeding,[4] Allen's argument fails. Allen does not claim that the jury's factual findings fail to establish the elements of the crimes with which he was charged. Instead, he submits that "grounds other than those decided by the jury" warrant granting the JNOV. See id. at 177 (citation omitted). Allen argues that "[t]his is a unique case in that the defense presented testimony of six expert witnesses who believed that no crime had been committed and who disagreed with the [S]tate's experts that the child had died from abusive head trauma."
¶ 11 Allen contends that he is entitled to JNOV given the "unusual" nature of his case "in that so much evidence was presented by the defense." His premise is that the jury should have believed his experts over the State's experts. This amounts to a challenge to the sufficiency of the evidence to support the verdicts. "[N]either the admissibility of evidence nor its sufficiency may be challenged [in a JNOV.]" Herro v. DNR , 67 Wis. 2d 407, 413-14, 227 N.W.2d 456 (1975). Accordingly, the trial court properly denied Allen's motion for JNOV.[5]
B. New Trial in the Interest of Justice
¶ 12 Pursuant to WIS. STAT. § 752.35, we may order a new trial in the interest of justice on two grounds: "that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried." Allen seeks a new trial on the second ground.
¶ 13 His argument again hinges on his belief that "this is a unique case in that there was so much evidence presented that contradicted the [S]tate's theory of the case." Allen believes a miscarriage of justice has occurred given the substantial amount of evidence that was presented to show the victim did not die as a result of abuse.
¶ 14 "In order to grant a discretionary reversal for a miscarriage of justice, there must be a substantial probability of a different result on retrial." State v. Wery , 2007 WI App 169, ¶ 21, 304 Wis. 2d 355, 737 N.W.2d 66. As summed up by the State, "Allen has offered nothing to show that a new trial probably would lead to a different result-he simply requests a do-over in the hope that a new jury will believe his experts." We use our formidable power of discretionary reversal "sparingly and with great caution." See State v. Williams , 2006 WI App 212, ¶ 36, 296 Wis. 2d 834, 723 N.W.2d 719. This is not a case that warrants the exercise of that power.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

One of Allen's experts testified that "[t]hrombosis is when you have a blood clot forming in a blood vessel."

At the close of the State's case, the State amended the count of child abuse from an intentional crime to a reckless one.

While a motion for JNOV is commonly used in civil procedure, the Wisconsin Supreme Court has questioned the motion's applicability to criminal procedure. See State v. Escobedo , 44 Wis. 2d 85, 90, 170 N.W.2d 709 (1969) ("We have grave doubts of its use at all in a criminal proceeding. Certainly, it is not an accepted or traditional post[ ]verdict motion in a criminal case."). For purposes of this appeal, we need not resolve the issue. See State v. Blalock , 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) ("[C]ases should be decided on the narrowest possible ground.").

To the extent Allen sought to challenge the sufficiency of the evidence on appeal, his argument is insufficiently developed, and we will not address it. See State v. Pettit , 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).