**UNITED STATES of America,**
**Appellee,**

v.

**Arlester SCOTT, Appellant.**

**No. 73-1207.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1973.

Decided Oct. 19, 1973.

Kenneth C. West, Kansas City, Mo., for appellant.

Anthony P. Nugent, Jr., Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before GIBSON and BRIGHT, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

PER CURIAM.

Defendant-Scott appeals a jury verdict, finding him guilty of selling heroin in violation of 21 U.S.C. § 841(a)(1). He urges as the sole ground of error that the Government's unobjected-to cross-examination of and introduction of testimony in rebuttal to evidence of a key defense witness constituted plain error. We reject this contention and affirm.

At the trial on the merits, the Government sought to prove that the defendant sold heroin to a government informer, named LaFoy Thomas, in a transaction observed at a distance by several federal agents. The defense contended that the money received by Scott from Thomas was merely the repayment of an old debt. To bolster this theory, the defense produced a seemingly unimpeachable young social worker, Miss Saundra Kay Davis, who had been with defendant-Scott on the night in question and who testified that she did not observe the defendant give anything to Thomas in return for the money.

During direct examination, Miss Davis was asked: "Have you ever been involved in any kind of narcotics in your life or anything like that?" She replied in the negative. On cross-examination, the Government counsel asked: "Have you ever been present on any occasions when narcotics were sold?" Again she replied in the negative,

---

* Eastern District of Michigan, sitting by designation.

whereupon the Government called informer-Thomas back to the stand to testify that he had once purchased drugs from one Bernie Murray in her presence. In surrebuttal, Miss Davis denied the occurrence of such an event and testified that she had been at work at the Boys' Club during the time of this alleged sale.

We deem it of the utmost importance that, throughout this exchange of testimony, defense counsel never objected to the line of questioning in cross-examination or to the evidence in rebuttal, nor did he seek a recess or continuance in order to secure work records of the Boys' Club which, according to Miss Davis' testimony on surrebuttal, would have corroborated her statements. Defendant now comes before this court on appeal urging that the Government's attack on Miss Davis' credibility is plain error.

Whatever may be the merits of defendant's criticisms of the Government's rebuttal under normal standards of relevancy and prejudice, where a cross-examiner receiving an answer from a witness on a collateral matter may not seek to rebut such testimony,[1] the test of "plain error" under F.R. Crim.P. Rule 52(b) is a far more stringent one. It has been distinctly spelled out in Black v. United States, 309 F.2d 331, 342 (8th Cir. 1962), cert. denied, 372 U.S. 934, 83 S.Ct. 880, 9 L.Ed.2d 765 (1963), as follows:

> This Court has "repeatedly held that the plain error rule should be applied with caution and should be invoked only to avoid a miscarriage of justice." Johnson v. United States, 8 Cir., 291 F.2d 150, 156.

We are satisfied that the circumstances of this case do not present an appropriate occasion to invoke this singular doctrine.

The record shows that defendant did not seek to exclude the evidence by objection or motion. He recalled witness-Davis to deny the informer's statement and by this means again focused on the conflict in testimony between the informer, sought to be proved incredible, and an apparently disinterested witness, Ms. Davis. The jury passed on the credibility issue and made a finding adverse to the defendant. Post-trial, he moved for a new trial on the grounds that the conviction rested on perjured testimony, and introduced affidavits containing Ms. Davis' employment records which purported to show her at work at the approximate time the informer allegedly purchased drugs from Bernie Murray in her presence. The judge denied the motion. This theory was renewed in defendant's motion to proceed on appeal in forma pauperis. On appeal, Scott urges that we consider the motion as one made under Criminal Rule 33 for a new trial in the interests of justice and that we hold that the trial court committed plain error in his ruling denying a new trial.

From the record, we think it quite apparent that defendant sought acquittal, and, later, sought to overturn the conviction on credibility grounds. These matters were addressed properly to the jury and the trial court. Determinations of credibility rest with the trier of fact and not with the appellate court.

Accordingly, we find no "plain error" in this case.

Affirmed.

---

1. Arpan v. United States, 260 F.2d 649, 658 (8th Cir. 1958); *see generally,* McCormick's Handbook of the Law of Evidence (2d Ed. 1972) § 47.