**UNITED STATES of America, Appellee,**

v.

**James Harold WOODS, a/k/a Fats Woods, Appellant.**

**No. 73–1243.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1973.

Decided Oct. 29, 1973.

Rehearing and Rehearing En Banc Nov. 23, 1973.

---

James A. Bell, St. Louis, Mo., for appellant.

Jerome J. Murphy, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and LAY and ROSS, Circuit Judges.

LAY, Circuit Judge.

Defendant Woods was indicted on four counts of distribution of a controlled substance in violation of 21 U.S. C. § 841(a)(1). He was acquitted on the first count for alleged distribution of heroin on October 30, 1972, but was convicted on the other three counts which involved similar violations on subsequent dates. Woods was sentenced to ten years imprisonment and a three-year special parole term for each of the counts, the sentences to be served consecutively.

On appeal he alleges several grounds of error: (1) that the court failed to require the government to disclose the name of the confidential informant prior to trial; (2) that the court erred in denying a motion to transfer the case to another district since in light of pretrial publicity the defendant could not receive a fair trial in the Eastern District of Missouri; (3) that the court erred in failing to grant a continuance to allow counsel adequate time to prepare; (4) that the court erred in replacing a chosen juror with an alternate juror; (5) that the government induced prejudicial testimony from a key witness; (6) that the court erred in failing to grant motions for mistrial because of prosecutorial misconduct; (7) that the court erred in instructing on circumstantial evidence when there was only direct evidence.

The defendant does not challenge the sufficiency of the evidence on any count. We have fully reviewed the record and find that none of the claims raised on appeal may be deemed sufficiently prejudicial so as to require a new trial. We need discuss only three of the more serious errors alleged.

■ The claim that defendant could not receive a fair and impartial trial in the Eastern District of Missouri is not supported in the record. It is alleged that great prejudicial publicity occurred in the St. Louis newspapers prior to trial. None of those articles were placed in evidence. More important, only five jurors even remembered reading anything in the paper about the defendant and only one could recall what that was. All jurors on voir dire expressed their feeling that they could weigh the evidence impartially and fairly. The mere fact that the defendant received publicity by itself is not sufficient to require a change of venue. See McNally v. United States, 485 F.2d 398 (8th Cir. 1973), where we recently observed:

"Just because, however, there has been widespread or even adverse publicity is not in itself grounds to grant a change of venue. As stated in Irvin v. Dowd, 366 U.S. 717, 722, 81 S.Ct. 1639, 1642, 6 L.Ed.2d 751 (1961), an important case draws public attention through 'swift, widespread and diverse methods of communication' and hardly any prospective juror 'will not have formed some impression or opinion as to the merits of the case.' The proper test is whether the prospective juror 'can lay aside his impression or opinion and render a verdict based on the evidence presented in court.' "

■ A more difficult claim is that the government failed to disclose prior to trial the name and address of the informant, Michael Woodley. Woodley was called as a witness by the government and testified as to purchasing narcotics from the defendant while acting as a paid government informant. See Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). However, we need not resolve this issue here in light of the factual circumstances presented. Even assuming there was a duty to disclose the informant's name and address prior to trial, nevertheless, on the basis of the events occurring at trial, we find no material prejudice resulted. Woodley was called as a government witness. The cross-examination by Woods' counsel was intense and thorough and reflects that counsel either knew or had reason to expect that Woodley would be called as the informant. Furthermore, counsel made no motion for a continuance in order to prepare for his cross-examination. See Sartain v. United States, 303 F.2d 859, 861 (9th Cir. 1962). Accordingly, we find no prejudice in the failure to disclose the informant's name prior to trial.

Defendant complains of prosecutorial misconduct in the examination of two defense witnesses.

Defendant produced Earl Williams, Jr. as a witness. Under Count I of the indictment the informant Woodley had earlier testified that on October 30, 1972, he had purchased heroin from the defendant in an apartment in which Sylvester Atkins and Earl Williams, Jr. were also present. Counts II and III in-

volved sales made on November 2 and November 8, at which times Woodley testified that no other persons were present during the transactions. Under Count IV Woodley testified he purchased heroin from the defendant on February 9, 1973, at a time when two other men besides the defendant were present. Woodley did not identify the men by name.

Defense counsel asked Williams on direct examination whether he was present on February 9, 1973, (Count IV) at the time of the alleged sales. Williams denied that he was present and denied at any time ever seeing a sale made by the defendant. On cross-examination the government's only question of Williams was: "Mr. Williams, you yourself are under indictment in this particular—by my office, are you not?" Defense counsel objected and moved for a mistrial. The court sustained the objection, denied the motion for mistrial and instructed the jury to disregard the question.

■ The question was obviously improper. As an officer of the court a prosecutor carries a heavy responsibility to both the court and the accused to conduct a fair trial. This responsibility requires that he not inject into the trial prejudicial matter which is obviously not admissible. See American Bar Association's Standards Relating To The Prosecution Function and The Defense Function § 5.6(b) (1970).

■ The only factor which deters us from granting a new trial is that Williams' testimony affirmatively aided the defendant only with respect to Count I, the alleged transaction on October 30, 1972. Woodley testified that Williams was present at the alleged sale at that time. However, the jury acquitted Woods on this count. The government did not attempt to show that Williams was present at any other time. Williams was asked by defense counsel only as to his presence on February 9, 1973, (Count IV). Williams denied he was there or that he saw Woods make any sale. This testimony did not affirmatively aid the defendant. The government did not attempt to show that he was present on the remaining counts. Notwithstanding our agreement as to prosecutorial misconduct, in view of the acquittal under Count I, we find no prejudice to the defendant.

■ The other claim is somewhat similar in nature. Both the informant and police officers had testified that Woods was driving a blue Nova immediately after the transaction. One of the officers identified the Nova by license number.

The first witness for the defense was Elaine LaBriado. She was asked on direct examination whether she owned a blue Nova. She answered she did but could not recall its license number. She admitted she knew the defendant but had *never* loaned him her car. On cross-examination the government asked her: "Your automobile has been seized by the Bureau of Narcotics and Dangerous Drugs, has it not?" Defense counsel objected and moved for a mistrial. After the objection discussion was held outside the presence of the jury. No actual ruling was ever made on the objection and no answer was ever received. The government claimed that the question was admissible to show bias against the government.

The question we are presented with is whether there was prejudice to the defendant. As the record stands the witness was never able to recall her license number. It is difficult to perceive the actual value of her testimony to the defendant. She did testify that she never loaned her car to the defendant, but as the trial judge commented, there are thousands of blue Novas running around. We find no prejudice resulting to Woods from the question.

We have reviewed the other issues raised by the defendant and on the basis of the overall record find no prejudicial error.

Judgment affirmed.