**Arlester SCOTT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 76–1320.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1976.

Decided Nov. 24, 1976.

Certiorari Denied Feb. 22, 1977.

See 97 S.Ct. 1148.

Arlester Scott, pro se.

Bert C. Hurn, U. S. Atty., and Stephen L. Hill, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before LAY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Arlester Scott appeals from the denial of his 28 U.S.C. § 2255 motion to vacate sentence. We affirm.

In 1972, Scott was convicted by a jury of selling heroin in violation of 21 U.S.C. § 841(a)(1), and was sentenced to five years' imprisonment and a three-year special parole term. His conviction was affirmed on appeal. *United States v. Scott,* 485 F.2d 576 (8th Cir. 1973), *cert. denied,* 416 U.S. 941, 94 S.Ct. 1946, 40 L.Ed.2d 292 (1974).

In March, 1976, Scott filed the instant § 2255 motion, alleging two grounds for relief: (1) that he was denied a fair trial by government use of perjured testimony; and (2) ineffective assistance of counsel. The

district court denied relief without a hearing, holding that Scott's perjured testimony claim was considered and rejected on direct appeal, and that Scott was afforded adequate representation. This appeal ensued.

The circumstances underlying Scott's claims are as follows. At trial, La Foy Thomas, a government informant, testified that Scott sold heroin to him in a transaction which took place outside of a Kansas City lounge. Thomas' testimony was corroborated by police officers who observed the purported transaction.

Testifying in his defense, Scott admitted meeting Thomas on the night in question, but stated that he merely collected an old debt from him. The defense also called Saundra Kay Davis, a social worker, who testified that she was with Scott on the night in question, that she observed the confrontation in which the heroin sale allegedly occurred from an automobile parked down the street from the lounge, and that she saw the man with Scott hand him something but did not see Scott give him anything in return.

On cross-examination, the prosecution asked Davis whether she had ever been present on any occasion when narcotics were sold. She responded in the negative. Thereafter, during the government's case in rebuttal, La Foy Thomas testified that Davis was present on July 25, 1972, when he purchased narcotics from one Bernie Murray in another government controlled buy. On surrebuttal, Davis testified that she was working on July 25, 1972, that she was not with Bernie Murray during that time, and that she had work records which would verify her testimony. Defense counsel did not produce Davis' work records during trial but did present them to the court in connection with a motion for a new trial. The records indicate that Davis was on duty at a boys club on July 25, 1972, between 1:00 and 9:30 p. m.

Scott contends that Thomas' testimony that Davis was present at a narcotics transaction involving Bernie Murray constituted government use of perjured testimony. He further asserts that defense counsel's failure to seek a continuance for purposes of procuring Davis' employment records constituted ineffective assistance of counsel. Scott claims that he was prejudiced by these circumstances in that the credibility of a key defense witness was impaired.

■ With respect to Scott's perjured testimony claim, the same allegations as involved here were considered and rejected by this court on Scott's direct appeal. *United States v. Scott, supra* at 577. Accordingly, that claim cannot be raised anew in a collateral proceeding under § 2255. *See, e. g., Houser v. United States*, 508 F.2d 509, 514 (8th Cir. 1974).

■ We note also that Scott's allegations concerning Thomas' alleged perjury are insufficient to state a claim for denial of a fair trial. In order to establish a claim of the kind asserted here, it must be shown that the government knowingly made use of false testimony. *See, e. g., Weiland v. Parratt*, 530 F.2d 1284, 1289 (8th Cir. 1976). Here, even assuming Thomas' testimony as to Davis' presence at a drug transaction to be false, Scott has neither alleged that the government was aware of such falsity, nor pleaded any facts from which such knowledge might be inferred.

■ Regarding the adequacy of representation afforded Scott, we agree with the district court that defense counsel's failure to seek a continuance in order to obtain Davis' work records did not constitute ineffective assistance of counsel. In view of Davis' rehabilitative testimony on surrebuttal, the collateral nature of her work records, and the fact that those records do not conclusively rebut Thomas' testimony,[1] we cannot say that counsel's failure to attempt to procure those records amounted to a failure to perform as a reasonably compe-

---

1. Although the records indicate that Davis was on duty from 1:00 to 9:30 p. m., they do not conclusively show that she was on the premises of the boys club during that entire period.

Also, while there is some indication that the drug transaction involving Bernie Murray occurred at 1:30 p. m., the record is not entirely clear in this regard.

tent attorney would have under similar circumstances, or that Scott was prejudiced thereby. *See Pinnell v. Cauthron,* 540 F.2d 938 (8th Cir. 1976); *United States v. Easter,* 539 F.2d 663 (8th Cir. 1976).

The judgment of the district court is affirmed.