UNITED STATES of America, Appellee,

v.

William David FINLEY and Sylvia Hicks, Appellants.

Nos. 77–1663 and 77–1664.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 23, 1978.

Decided Feb. 28, 1978.

Rehearing and Rehearing En Banc Denied March 17, 1978.

Harry Roth, Clayton, Mo., and Samuel Raban, St. Louis, Mo., filed brief and appearances for appellants.

Robert D. Kingsland, U. S. Atty., and Richard D. Billeaud, Asst. U. S. Atty., St. Louis, Mo., filed brief; Barry A. Short (former U. S. Atty., St. Louis, Mo., for appellee.

Before LAY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

The defendants were charged with two counts of distributing a controlled substance (cocaine), in violation of 21 U.S.C. § 841(a)(1). Following a trial to the court,[1] both defendants were found guilty as charged. Finley was sentenced to concurrent terms of 12 years imprisonment and 3 years special parole on each count. Hicks received concurrent terms of 4 years imprisonment and 3 years special parole.

It is undisputed that on the dates charged the defendants met with a confidential government informant (Albert Moore) at an apartment in St. Louis County and distributed cocaine to Moore in exchange for cash. The apartment was specially constructed by the government for the surveillance of illicit conduct: activities in the apartment could be monitored, by means of a one-way mirror and various recording apparatus, from an immediately adjoining apartment. Government agents directly observed the drug transactions and produced photographic evidence of the first meeting and a videotape of the second meeting.

Defendants argue that the district court erred in not finding entrapment as a matter of law. They contend that the ultimate transactions were initiated by a telephone call from Moore to Finley, in which Moore asked Finley to obtain cocaine for him. Moore also made follow-up calls. However, the district court found "no credible evidence the government's activity implanted in either of the defendants' minds the disposition to sell the cocaine," and that "the defendants were predisposed to commit the offense as charged."

Entrapment as a matter of law exists only where the undisputed facts show that "the criminal design originates with the officials of the Government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order that they may prosecute." *Sorrells v. United States*, 287 U.S. 435, 442, 53 S.Ct. 210, 212, 77 L.Ed. 511 (1932). *See also Sherman v. United States*, 356 U.S. 369, 372, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). In the instant case the government produced a tape recording of the initial conversation between Moore and Finley, as well as recordings of later conversations leading directly to the sales. In that initial conversation, the following exchanges appear:

Moore: * * * I wanted some that old gal [cocaine], it from ya.

Finley: Yes, it's around, but, I can't get it to right now, though.

Moore: Oh, you can't?

Finley: No, the one that do that for me, he ain't staying at the house.

\* \* \* \* \* \*

Moore: Huh, hum, what about you know, like a 15 hundred, what would I get.

Finley: I can fix you, real nice

\* \* \* \* \* \*

Moore: Well, cool, O.K., well I am goin' to get in touch—let me see tomorrow— tell me what time you want me to call you.

Finley: Well, whenever time you want, I can get it lined up for later on this evening if I know definitely, ya dig?

In addition to this evidence, Moore testified that Finley had told him a year or so previously that whenever Moore was ready, Finley could get cocaine for him. The record is

---

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

thus clear that defendants failed to establish entrapment as a matter of law. *Cf. United States v. Gurule*, 522 F.2d 20 (10th Cir. 1975), *cert. denied*, 425 U.S. 976, 96 S.Ct. 2177, 48 L.Ed.2d 800 (1976).

▮ Defendants further contend that tapes of the telephone conversations between Moore and Finley, recorded by government agents with Moore's consent, were made in violation of their constitutional rights and should have been suppressed. The law is clear, however, that the consent of the government informant to such official eavesdropping vitiates the claim of illegality. *See United States v. Kirk*, 534 F.2d 1262, 1272 (8th Cir. 1976), *cert. denied*, 433 U.S. 907, 97 S.Ct. 2971, 53 L.Ed. 1091 (1977); *United States v. Rich*, 518 F.2d 980, 985 (8th Cir. 1975), *cert. denied*, 427 U.S. 907, 96 S.Ct. 3193, 49 L.Ed.2d 1200 (1976).

Likewise without merit is defendants' claim that the court erred in denying their discovery motion for the criminal records of government witnesses. *Hemphill v. United States*, 392 F.2d 45, 48 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

▮ Finally, defendant Hicks contends that the evidence is insufficient to convict her of distribution. The undisputed evidence shows that, with respect to both transactions, Hicks was the carrier of the cocaine. Further, in the first transaction Hicks sat at the table where business was conducted and took possession of that portion of the cocaine not distributed to Moore. The evidence sufficiently shows that she was fully aware of the nature of the proceedings in which she was involved. Viewed in the light most favorable to the government, *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 89 L.Ed. 680 (1942), there was ample evidence sustaining Hicks' convictions.

The judgments of the district court are affirmed.