**James H. WOODS, Appellant,**

v.

**UNITED STATES of America, Appellee.\***

**No. 77–1592.**

United States Court of Appeals, Eighth Circuit.

Submitted March 3, 1978.

Decided March 8, 1978.

Rehearing and Rehearing En Banc Denied April 5, 1978.

\* *Editor's Note:* The opinion of the United States Court of Appeals, Ninth Circuit, in *United States v. Walker*, published in the advance sheets at this citation (567 F.2d 861) has been withdrawn from the volume at the request of the court because rehearing is pending.

Allen I. Harris, Harris, Kirksey & Thomas, St. Louis, Mo., on brief for appellant.

Barry A. Short (former U. S. Atty.) and David M. Rosen, Asst. U. S. Atty., St. Louis, Mo., on brief for appellee.

Before LAY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

James Harold Woods was convicted on three counts of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), and sentenced to 30 years imprisonment and a nine year special parole term. His conviction was affirmed on appeal. *United States v. Woods*, 486 F.2d 172 (8th Cir. 1973).

On January 12, 1977, Woods filed a motion under 28 U.S.C. § 2255 in which he alleged: (1) the government deliberately withheld information beneficial to appellant and knowingly used perjured testimony; (2) ineffective assistance of counsel; and (3) the government failed to disclose the identity of an informant prior to trial. The district court denied the motion without holding an evidentiary hearing. Woods now appeals. We affirm.

The crux of Woods' motion is that the key government witness at trial, one Michael Woodley, perjured himself when he testified that no promises of leniency had been made to him in regard to pending state burglary charges. Petitioner contends that there was a promise of leniency and that the government knew of the promise.

Prior to petitioner's trial Woodley pled guilty to one count of burglary. After Woods' trial he was given a suspended sentence and placed on one year probation,

from which he was immediately discharged. Another burglary charge was nolle prossed. From this evidence, Woods contends that there must have been some preexisting "deal" between federal authorities, state authorities, and Woodley.

The government's response generally denied Woods' contention and also included affidavits from the state judge who sentenced Woodley, the state prosecutor who nolle prossed Woodley's burglary charge, and the narcotics officer who supervised the federal investigation of appellant's activities. All three denied making any promises of leniency to Woodley. Woods has filed no refutation of these statements. *Cf. United States v. Smith*, 538 F.2d 1332 (8th Cir. 1976).

In these circumstances, the district court properly denied relief without an evidentiary hearing. Before an evidentiary hearing is required, it is necessary for a petitioner to allege facts which, if true, would entitle him to relief; merely stating unsupported conclusions will not suffice. *See United States v. Lee*, 500 F.2d 586, 587 (8th Cir.), *cert. denied*, 419 U.S. 1003, 95 S.Ct. 322, 42 L.Ed.2d 279 (1974). Here, Woods has alleged no facts tending to show a preexisting agreement that Woodley would receive lenient treatment. His allegation of a "deal" is based solely on speculation and did not entitle him to an evidentiary hearing.

■ Petitioner next contends that, because the government knowingly used perjured testimony or suppressed favorable testimony, his counsel was unable to discover the existence of promises of leniency to Woodley. This, he contends, denied him effective assistance of counsel. It is clear that appellant does not challenge the competency of his counsel.[1] Instead, he attacks the government's conduct. Such an allega-

tion does not state a claim of ineffective assistance of counsel; no hearing on this contention was required.

[4] Petitioner's final assertion relates to the government's failure to make a pretrial disclosure of the informant. This claim was adversely decided on appellant's direct appeal, *United States v. Woods, supra*, 486 F.2d at 174, and may not be relitigated in a § 2255 proceeding. *See Scott v. United States*, 545 F.2d 1116, 1117 (8th Cir. 1976), *cert. denied*, 429 U.S. 1111, 97 S.Ct. 1148, 51 L.Ed.2d 565 (1977).

The judgment of the district court is affirmed.

---

1. Appellant's § 2255 motion reads in part:

   Defense counsel made a vigorous effort at trial to represent the defendant. He cross examined Michael Woodley, the government's key witness at length about any possible arrangements of leniency made between him and the government in exchange for his testimony. In addition, he vigorously cross examined Offi-

cer Crosby about any kind of assistance or assurances that the government might have made with Woodley for his testimony. But despite all his efforts and during trial, he was unable to discover the web of secrecy the government had placed around the arrangement of leniency made with its key witness.