462 F.Supp. 614 (1978)
Clarence E. NEVILLE, Petitioner,
v.
UNITED STATES of America, Respondent.
No. 78-528C(B).
United States District Court, E. D. Missouri, E. D.
October 23, 1978.
*615 Clarence E. Neville, pro se.

*616 MEMORANDUM
REGAN, District Judge.
This action is before the Court upon the motion of Clarence E. Neville under 28 U.S.C. § 2255 to vacate and set aside his sentence imposed in Criminal Cause No. 74-74 Cr (B). Following a jury trial Neville was convicted of seven counts of interstate transportation of stolen motor vehicles, 18 U.S.C. § 2312, and was sentenced to ten years' imprisonment and fined $35,000.00. The conviction and the sentence were affirmed. United States v. Neville, 516 F.2d 1302 (8th Cir.), cert. denied, 423 U.S. 925, 96 S.Ct. 269, 46 L.Ed.2d 251 (1975).
The evidence adduced at trial indicated that Neville purchased stolen trucks from Harold E. Stewart and with Stewart disassembled the trucks into parts which were reassembled on other salvaged vehicle frames. The reconstructed vehicles were then driven from Illinois to Missouri for sale.
In his motion for post-conviction relief Neville alleges that (1) he was denied effective assistance of counsel, (2) the prosecutor suppressed favorable evidence, and (3) there was an undisclosed promise made by the government to induce the testimony of a witness. In support of his motion Neville has filed his affidavit, and fourteen investigative reports and partial transcripts of testimony given in this Court and in an Illinois state court. After carefully examining these documents and the record of his conviction this Court is of the opinion that Neville is entitled to no relief.

I. Ineffective Assistance of Counsel.

A. The Defense of Entrapment.
Neville alleges five specific instances of ineffective assistance of counsel. First, he alleges that his trial counsel failed to submit the defense of entrapment. Neville argues that this defense was indicated by the known cooperation of government witness Harold Stewart with local, state, and federal authorities. He argues further that Stewart and Illinois state authorities conspired to sell to him parts from stolen motor vehicles without his knowledge that they were stolen. This conspiracy, he argues, is established by Illinois state investigative reports and state court testimony. Neville alleges that the conspiracy between Stewart and certain Illinois officials, including Robert C. Tuttle, an investigator employed by the Illinois Secretary of State, stems from Neville's refusal to make a $10,000.00 payoff to these officials. Stewart's reward for his part in this conspiracy, Neville alleges, was consideration when sentenced for his many state and federal crimes. Such allegations, of course, do not relate to the defense of entrapment which by definition assumes that Neville had the requisite guilty knowledge or intent. See e. g., United States v. Finley, 571 F.2d 430, 431 (8th Cir. 1978). Rather, these factual allegations relate to the existence of an essential element of the offenses, i. e. that when Neville transported the stolen vehicles in interstate commerce he knew they (or their component parts) were stolen. See 18 U.S.C. § 2312.
An examination of the record shows that Neville's trial counsel did cross-examine witness Stewart carefully on the extent and nature of his cooperation with the state and federal governments. (Tr. 1025-72). At trial Stewart's extensive criminal activities were described for the jury's consideration. (Tr. 717-8, 751-8).
In his opening statement to the jury defense counsel highlighted the critical issue in Neville's defense, whether Neville knew the vehicles were stolen. (Tr. 1077). To this end Neville testified that he believed Stewart was a legitimate vehicle parts dealer (Tr. 1213), and that Stewart told him the parts were not stolen. (Tr. 1328-9).
The Court has examined the exhibits Neville filed in support of his instant § 2255 motion. These exhibits do not relate directly to any substantial issue raised in Neville's trial in this Court. The existence of *617 a working relationship between Stewart and state and federal authorities and its affect upon the trial were explored and suggested to the jury. Neville's allegation that Stewart received previously promised consideration for his federal testimony is based upon speculation and surmise and provides no substantial basis for relief under § 2255. See Woods v. United States, 567 F.2d 861, 863 (8th Cir. 1978).

B. Failure to Call a Witness.
Neville alleges that trial counsel failed to call Robert C. Tuttle, an investigator for the Illinois Secretary of State, to testify to certain illegal acts he performed in furthering the conspiracy to unjustly convict Neville. It is obvious that calling Tuttle to testify would have had two likely results. He either would have denied the illegal acts or he would have refused to incriminate himself. In either case Neville's case would not have benefited from his being called to testify.

C. Failure to Procure Records.
Neville alleges his trial counsel failed to procure certain documentary evidence which would have been inconsistent with the trial testimony of three government witnesses. These witnesses were Harold Stewart, Missouri Highway Patrol Sergeant Robert H. Mudd, and Floyd Hauhe. Neville argues that these witnesses had given testimony in an Illinois state court proceeding inconsistent with their testimony in this case. The value of this testimony, as described by Neville, would have been little in that it would not have impeached these witnesses on any substantial issue in this case.

D. Counsel's Request that Defendant Contact Stewart.
Neville alleges his trial counsel improperly directed him to contact witness Stewart before trial and to ask Stewart to come to counsel's office for an interview. Neville argues that counsel thereby harmed Neville's case by providing the prosecution with an event which would reflect adversely upon his credibility. The Court believes that the use of Neville as the way of obtaining information from Stewart was not improper. Neville's credibility was impeached with evidence that indicated he took this opportunity to threaten Stewart's life for cooperating with law enforcement authorities. (Tr. 1051, 1322-3).

E. Counsel Failed to Personally Inspect Government Evidence.
Neville alleges his trial counsel did not personally inspect the government's physical evidence before trial. In support of its response the government has filed the affidavit of Neville's trial counsel who states that before trial he viewed all the physical evidence concerned in the case. The Court is satisfied that at trial Neville's attorney was sufficiently knowledgeable of the government's evidence to conduct a thorough examination of the prosecution witnesses.
The record in this case clearly establishes that Neville's trial counsel performed as would a reasonably competent lawyer under the circumstances of this case. Reynolds v. Mabry, 574 F.2d 978 (8th Cir. 1978). Neville has not shown that his counsel did not exercise reasonable judgment in the offering of evidence at trial; the evidence Neville believes should have been adduced is neither clearly probative of innocence nor sufficiently relevant to issues in the case.

II. Suppression of Evidence.
Neville alleges that prior to trial the prosecutor was aware of certain facts which, if brought out at trial, would have resulted in a different verdict. These facts were (1) that Harold Stewart had previously given statements to the F.B.I. inconsistent with those he gave at trial, (2) that the Illinois Secretary of State's Office was engaged *618 in a conspiracy with Stewart against Neville, and (3) that Stewart had been involved in previous Dyer Act violation.
At the close of the government's case the prosecutor produced certain F.B.I. reports concerning Stewart. The prosecutor had recently received them from another United States Attorney's Office and turned them over to Neville's trial counsel. (Tr. 1016-8). Thereafter, Stewart was recalled and again questioned by defense counsel.
As to the other areas of alleged suppression of evidence, Stewart's criminal record was the topic of extensive examination. Stewart's cooperation with law enforcement authorities was also inquired into. Neville alleges that Stewart's involvement with law enforcement authorities in a conspiracy to convict Neville was more extensive than what was testified to at trial. However, the Court has carefully considered his allegations and determines that even if true they would not have likely resulted in a verdict of innocent. United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). Furthermore, there has been no adequate showing that any evidence was suppressed by the government.

III. Undisclosed Promise of Leniency.
Neville alleges that Harold Stewart was promised leniency in state and federal prosecutions in exchange for his testimony against Neville, in spite of Stewart's testimony to the contrary. This allegation is premised upon Stewart's parole from custody twenty-two months after imprisonment began. At trial Stewart was questioned at length as to any promise of leniency and his expectations of such in exchange for his testimony. Neville surmises that a pretrial agreement existed from the post-trial facts. Such surmise cannot be a foundation for relief under § 2255, especially where the likelihood of leniency was shown to the jury even without a binding agreement by the government. See United States v. Woods, supra.
For the reasons set out above, the Court will deny defendant Neville's motion to vacate his sentence.